**REPUBLIC STEEL CORPORATION v. UNITED STATES.**

No. 47013.

United States Court of Claims.

Decided Oct. 3, 1949.

Thomas F. Patton and Luther Day, Cleveland, Ohio, for plaintiff, Earl W. LeFever, Cleveland, Ohio, on the briefs.

John A. Rees, Washington, D. C., and Assistant Attorney General Theron Lamar Caudle, for defendant, Andrew D. Sharpe and A. F. Prescott, Washington, D. C., on the brief.

## Opinion

Before JONES, Chief Judge, and WHITAKER, HOWELL, MADDEN and LITTLETON, Judges.

WHITAKER, Judge.

The question in this case is the proper basis for the depreciation of certain patents acquired by plaintiff's subsidiary, Steel and Tubes, Inc., through a reorganization of Steel and Tubes, Incorporated, both corporations being known in the record as Steel and Tubes No. 2 and Steel and Tubes No. 1, respectively. The plaintiff contends that the cost to its subsidiary is the proper basis, but the defendant says that the proper basis is the cost to the person from whom plaintiff's subsidiary acquired it.

In Republic Steel Corporation v. United States, 40 F.Supp. 1017, 94 Ct.Cl. 476, there was presented to us the question of the proper basis for depreciation of these patents for the years 1928 and 1929. Under applicable provisions of the Revenue Act of 1928, the first question there presented was whether there was a reorganization, and whether immediately following the reorganization there remained in the same persons an interest in the property of 80 percent or more. We held that an interest of 80 percent or more did not so remain and that, therefore, whether or not the transaction constituted a reorganization, the cost to the acquiring subsidiary, Steel and Tubes No. 2, was the proper depreciation basis.

The question now before the court involves the years 1934 to and including part of the calendar year 1939. Those years are controlled by the Revenue Act of 1932 which substitutes a percentage test of 50-percent interest or control rather than 80 percent. Section 113(a) (7) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 199, 26 U.S.C.A.Int.Rev.Acts, page 516, which it is agreed is controlling in this case, provides: "Transfers to Corporation Where Control of Property Remains in Same Persons. If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor * * *."

It is conceded by the plaintiff that the transfer of the property by Steel and Tubes No. 1 to Steel and Tubes No. 2 was in connection with a reorganization. In the prior case we did not have to decide and we did not decide exactly what percentage of interest did remain in the transferors. In this case we must decide whether an interest in the property transferred of 50 percent or more remained in the persons who transferred it. If so, the depreciation base is the transferor's cost, which was the basis used by the Commissioner of Internal Revenue in the computation of the tax for the years here involved. If such an interest did not remain in the persons transferring the property, the depreciation base is the transferee's cost, as contended by the plaintiff.

Plaintiff, Republic Steel Corporation, wished to acquire certain patents for the making of iron pipe which Steel and Tubes No. 1 owned. Steel and Tubes No. 1 was willing to sell the patents only if the purchaser acquired all of its assets. In order to acquire these assets the parties agreed on the following arrangement: Steel and Tubes No. 2 was organized and all of the assets of Steel and Tubes No. 1 were transferred to it. In consideration therefor, Steel and Tubes No. 2 executed and delivered to Steel and Tubes No. 1 its debentures in the amount of $4,500,000 and also 72,000 shares of its Class A preferred stock and 45,000 shares of its Class B preferred stock; and, in addition, the plaintiff, Republic Steel Corporation, transferred to Steel and Tubes No. 1 31,500 shares of its common stock; and plaintiff also purchased from the stockholders of Steel and Tubes No. 1 11,799 shares of the common stock of that company, which upon conclusion of the transaction were surrendered for cancellation without further consideration.

After the reorganization the two parties having an interest in the property transferred were Steel and Tubes No. 1 and the Republic Steel Corporation. Steel and Tubes No. 1 had the following: debentures of Steel and Tubes No. 2 in the amount of $4,500,000, 72,000 shares of Class A preferred stock in Steel and Tubes No. 2, 45,000 shares of Class B preferred stock in Steel and Tubes No. 2, and 31,500 shares of the common stock of the Republic Steel Corporation; and the Republic Steel Corporation had 117,000 shares of the common stock of Steel and Tubes No. 2.

It is agreed that the plaintiff, by virtue of its ownership of all the common (voting) stock of Steel and Tubes No. 2, had full control over the property transferred and, therefore, the only question is whether or not the interest in the property which Steel and Tubes No. 1 retained was

greater than that acquired by the Republic Steel Corporation, or, stated in the words of the statute, whether or not the interest in the property which remained in Steel and Tubes No. 1 was greater than 50 percent.

Of the property received by Steel and Tubes No. 1, the 72,000 shares of Class A preferred stock had a market value immediately after the transfer of $6,853,-846.15, and the Class B preferred stock had a market value of $3,375,000, and the common stock of the Republic Steel Corporation had a market value of $2,598,750. The value of the assets transferred was $19,556,992.43.

Plaintiff, however, says that the 31,500 shares of Republic Steel Corporation stock, which Steel and Tubes No. 1 received in part consideration for the transfer, do not constitute an interest in the property transferred, but, instead, they constitute an interest only in the property of the plaintiff. We find it unnecessary to pass upon this question.

The plaintiff also says that in determining whether or not a 50 percent interest remained in Steel and Tubes No. 1, it is improper to look to the market value of the shares of preferred stock received in part consideration for the transfer, but that, instead, we should look at the liquidating or redemption value of that stock. This claimed value is $75 per share for 117,000 shares, that is, $8,775,000, on which basis the stock held by Steel and Tubes No. 1 had a value of less than 50 percent of the total market value of the assets transferred.

We are unable to accede to this view. The statute is concerned with the interest remaining in the hands of the transferor "immediately after the transfer." It seems to us, therefore, that in determining whether or not a 50-percent interest remained in the hands of the transferor we must look to the value of that interest "immediately after the transfer," and not to its value on liquidation of the transferee at some future date, or on a later redemption of the stock.

Moreover, if we take the liquidating value of this stock in futuro as the measure of the interest retained, then we should inquire whether or not such value is 50 percent of the value of the property transferred which would be available to these stockholders on liquidation. On liquidation the debenture holders would be entitled to priority, and their claims would have to be satisfied first. The total amount of the debentures was $4,500,000. The value of the property transferred was $19,556,992.43. After having satisfied the debentures, assuming there were no other creditors, there would remain for distribution to the stockholders of Steel and Tubes No. 2 $15,056,992.43. Of this amount the holders of the Class A and Class B preferred stock would receive $8,775,000, which is more than 50 percent of the remaining value of the assets transferred.

Plaintiff, however, says that it is improper to deduct from the value of the assets transferred the amount of the debentures, because the debentures do not represent an interest in the property. Whether or not that is true, it is true that on liquidation the debentures must first be satisfied, and in determining whether or not the interest of the preferred shareholders is equal to 50 percent or more in the property transferred, we must look to the property available for distribution to those who had an interest in it. In order to satisfy the demands of Steel and Tubes No. 1 on liquidation more than 50 percent of the remaining property would be required.

This would be true whether the debentures were issued to the transferor or to some third person.

By so holding, we do not hold that the debentures represent an interest in the property. We merely hold that the amount of them should be deducted from the value of the property transferred especially if we are to consider only the liquidating value of the stock received by the transferor.

Steel and Tubes No. 1 had an interest in the property transferred, represented by their 117,000 shares of preferred stock, which had a market value of $10,228,846.15. It seems to us that this was the value of

their interest in the property transferred, and it was more than 50 percent of the total value of $19,556,992.43 for all of the assets transferred.

Plaintiff, however, says that a large part of the market value of the Class A preferred stock was due to the fact that under the reorganization agreement it was convertible into the common stock of the Republic Steel Corporation on an advantageous basis. It says, therefore, that the excess value of this Class A stock was attributable to these conversion rights and, therefore, that value did not represent an interest in the property transferred. We do not doubt that the market value of the Class A preferred stock was attributable in part to these conversion rights, but nevertheless these 72,000 shares of Class A preferred stock did represent an interest in the property transferred, and the value of that interest was the amount for which it could be sold on the market. It seems to us to make no difference that the value of that interest was enhanced by the agreement of the parties giving to the holders of this Class A stock these conversion rights. The stock was received in consideration of the transfer and it represented an interest in the property which the transferor retained. The value of that interest is what it could be sold for immediately after the transfer.

If we are correct in saying that the proper test is the market value of the interest remaining in the hands of the transferor, then this interest was more than 50 percent of the market value of the assets transferred, not deducting therefrom the amount of the debentures issued.

If the amount of the debentures be deducted from the value of the assets transferred to determine whether a 50-percent interest remained in the hands of the transferor, then it is clear that the market value of this interest represented by the preferred stock did exceed 50 percent of the value of the assets transferred. We are of opinion these debentures should be deducted from the value of the assets transferred. What we are undertaking to determine is whether the transferor retained a 50-percent interest in the assets transferred. The market value of the stock received by the transferor was of course affected by the fact that there were debentures outstanding which had priority over the stock. If there had been no debentures the market value of the stock would have been much higher and no doubt would have far exceeded 50 percent of the value of the assets transferred. Since the debentures decreased the market value of the stock, they should be deducted from the market value of the assets to determine whether a 50-percent interest was retained.

The view we take of the case makes it unnecessary to decide whether or not there should be taken into consideration in valuing the interest remaining in the hands of the transferor all or any part of the 31,500 shares of stock of the Republic Steel Corporation which Steel and Tubes No. 1 received in consideration of the transfer. However, we call attention to the fact that although these shares of stock represent an interest in the property of the Republic Steel Corporation, nevertheless that property consisted in part of the Republic Steel Corporation's interest in the transferred assets.

Inasmuch as we are of the opinion that an interest of more than 50 percent remained in the hands of the transferor, the basis for depreciation of these patents was their basis in the hands of the transferor, and the Commissioner of Internal Revenue was not in error in computing the allowance for depreciation on this basis.

One further question relating solely to the year 1939 remains. In a claim for refund filed October 19, 1942, plaintiff claimed that it was entitled to a dividends-paid credit for that part of the calendar year 1939 which ended September 30, 1939. It is agreed by the parties that this credit should be allowed and that it amounts to $27,698.67, if it be held that the depreciation is to be computed on the basis of the cost to the transferor. We have so held. Plaintiff is entitled to recover the overpayment of tax and interest on account of the disallowance of this item, together with interest in the amount provided by law. The entry of judgment will be sus-

pended until the filing of a stipulation by the parties, or, in the absence of a stipulation, until the incoming of a report by a commissioner showing the correct amount due computed in accordance with this opinion.